# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_Allegheny_ County

**For Prothonotary Use Only:**
Docket No: _____

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Iesha Griffin
**Lead Defendant's Name:** LOWES CORP.

**Are money damages requested?** [X] Yes  [ ] No
**Dollar Amount Requested:** (check one)  [ ] within arbitration limits  [X] outside arbitration limits

**Is this a Class Action Suit?** [ ] Yes  [X] No
**Is this an MDJ Appeal?** [ ] Yes  [X] No

**Name of Plaintiff/Appellant's Attorney:** _____
[X] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [X] Other: Breach of Contract, Defective Product, Loss of Usage, Compensatory Damage

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

Updated 1/1/2011

## NOTICE TO DEFEND

**Notice:** YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service<br>
Allegheny County Bar Association<br>
400 Koppers Building – 426 Seventh Avenue<br>
Pittsburgh, PA 15219<br>
Telephone: (412) 261-5555<br>
https://www.getapittsburghlawyer.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| Iesha Griffin,<br><br>    Plaintiff,<br><br>vs.<br><br>LOWES CORPORATE OFFICE<br><br>WHIRLPOOL CORPORTATE OFFICE<br><br>LIBERTY MUTUAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES<br><br>    Defendants. | Case No. GD-22-009387<br><br>**COMPLAINT FOR:**<br>1. Breach of Contract.<br>2. Negligence.<br>3. Defective Product.<br>4. Exemplary Damages.<br>5. Contract Theory.<br>6. Loss of Usage<br>7. Compensatory Damages<br>8. Punitive Damages |

RECEIVED AUG 0 1 2022 Claims Department

2022 JUL 29 PM 12:40
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

Type of Pleading:

CIVIL COMPLAINT

Filed by or on behalf of:

_Iesha N. Griffin_

Plaintiff(s), Pro Se

Address: 3121 Sacramento Ave Apt. 2

Pittsburgh, PA 15204

Phone 412 377-3073

email: Schiasia8@gmail.com

Plaintiff, Iesha N. Griffin, alleges as follows on information and belief:

## THE PARTIES

1. Iesha Griffin is a resident of Pittsburgh, County of Allegheny, Pennsylvania. Plaintiff.

2. Defendant '1' is, and at all material times mentioned herein was, a Corporate registered at Mooresville, North Carolina, 28117.

3. Defendant '2' is, and at all material times mentioned herein was, a Corporate registered at Benton Harbor, Michigan, 49022.

4. Defendant '3' is, and at all material times mentioned herein was, a Corporate Registered at Boston, Massachusetts, 02116

## JURISDICTION AND VENUE

4. Venue is proper in the Common Court of the State of Pennsylvania for the County of Allegheny under Pennsylvania Code of Civil Pa. Procedure Section ___ because Allegheny County is the county where the contract at issue was entered into and performed.

## OPERATIVE FACTS

5. On September 29th, 2017, the Plaintiff placed an order at Lowe's E-Commerce for a 'Washer' worth $299 Model number of the above-mentioned washer is 'RTW4516FWI' and serial number is 'C73330145' and additional $59.97 was paid for a added protection of a 3 year warranty on the appliance. (receipt for the same is attached in **Exhibit A**).

6. The said washer was perfectly functional on purchase and further till July 30, 2020, immediately it was brought under the light by the Plaintiff. On a walkthrough with a potential tenant the washer machine began to malfunction. The malfunctioning caused the machine to leak, and water seeped into water basin. Once the Plaintiff was aware of the malfunctioning

washer the Plaintiff proceed to turn the water off to the washer machine and contacted 'Defendant 1' to schedule a repair (email communication for the same is attached in **Exhibit A**).

7. Plaintiff signed a "Move in Condition" document with tenant on August 1, 2020, which recorded the findings of the walkthrough on July 30, 2020, and the August 5, 2020, appointment which confirmed the set appointment with Lowes through during the warranty period to have the washer machine repair for malfunctioning.(document for the same is attached in **Exhibit B**). Further, on August 1, 2020, Plaintiff and tenant entered into a Lease Agreement for a term period August 1, 2020, thru July 30, 2022 (Lease Agreement of same attached in **Exhibit C**). On July 28, 2020, Communications with tenant on utilities estimates for the unit as tenant was solely responsible for these fees. (see email for the same are attached in **Exhibit D**.)

8. 'Defendant 1' had a repair technician arrive on August 5, 2020, as scheduled to 3121 Sacramento Ave unit in Pittsburgh, PA to repair the Roper washing machine. The Plaintiff turn on the water line to the washer machine and was present as the repair technician ran approximately 5 cycles of washes. The Plaintiff during the visit inquired about documentation for service rendered or visit. The Plaintiff received no documentation due to no repair was completed to the washer machine on that visit. As a precaution the Plaintiff turn off the water line to the washer machine after the repair man left due to no given solution.

9. Plaintiff communication with tenant recapping failed washer machine repair on August 5, 2020, and a new appointment set for August 18, 2020, with 'Defendant 1'. Plaintiff also confirms a daily continued 5% discount on the rent, due to the malfunctioning washer machine. This discount was implemented on August 1, 2020, the first day of the lease term (email of same attached in **Exhibit E**).

10. On August 9, 2020, the Plaintiff was notified that the washer was still leaking and leaking profusely now Plaintiff and family members had no recourse but to scooped up pales of water from washer machine water basin and the surrounding area, as well as tried to dry soaked

carpets with many towels in the middle of the night, due to the washer that continued to malfunction and as an added precaution the Plaintiff had turned off the water line leading to the washer machine since July 30, 2020.(photos of the same are attached in **Exhibit F**).

11. The Plaintiff took pictures on August 11, 2020, of water seepage further affecting the basement ceiling to the basement flooring and rugs even days later. The Plaintiff called 'Defendant 1' to see if a sooner appointment could be set but nothing was available (photos of the same are attached in **Exhibit G**).

12. August 18, 2020, the 'Defendant's 1 and 2 washer repair technician arrives at 3121 Sacramento Ave unit in Pittsburgh, PA. This repair technician ran a few cycles before repairing the Roper washer machine and replacing a broken part then providing the Plaintiff with an invoice of services of the completed work to the washer. Additionally, the 'Defendant's 1 and 2 washer repair technician allowed Ms. Griffin to keep the faulty washer machine part along with the box the new washer machine part came in.(photos of the same are attached in **Exhibit H**)

13. Plaintiff communication with tenant agreeing to "Termination of Lease Agreement." This dialog further gave the tenant an additional 12% discount on the rent as 1 of the 2 bedrooms in the unit was just uninhabitable and/or "unavailable" as stated in the communication. At this point the area affected smelled of mildew. (see email for the same is attached **Exhibit I**).

14. The re-work cost of $156.45 was borne by the Plaintiff on August 22, 2022, as the seepage of water effected different areas of the Plaintiff's home and the smell of mildew. Mainly the carpet around that part of Plaintiff's home caught mold because of the leakage. Further, to maintain the appropriacy the Plaintiff had to re-work the carpet which they had contracted to be cleaned just three weeks before the incident (receipt for the same is attached in **Exhibit J**).

15. As the Plaintiff was communicating with the representative of Defendant 1: Jessica Williams, a Senior Claims Examiner, Risk Management Department of Lowes, the Plaintiff was offered a sum of $1,673 after having a Property Claims Examiner from the 'Defendants 1 and 2' physically take pictures of the damaged property at 3121 Sacramento Ave Pittsburgh, PA as a settlement, via email dated September 2, 2020 (herein attached **Exhibit K**). On September 8, 2020, the Plaintiff declined the offer and instead opted to get an independent estimate as the offered from the 'Defendant 1' did not consider all the materials, areas and structure of the home that was affected by the water damage from the faulty washer machine. (herein attached **Exhibit K**).

16. Likewise, Plaintiff received and provided an estimate from a restoration company which concluded that the affected areas in the home contained black mold (see attached **Exhibit L**). to which the Defendant 1's representative: Jessica Williams, a senior claims examiner risk in the Management Department offers $6,456 as a final settlement, via email dated September 23rd, 2020. To which the Plaintiff replied and asked Defendant 1's representative to add the out-of-pocket expenses made by the Plaintiff and the additional pending electrical estimate were still being obtained. (herein attached **Exhibit M**).

17. Plaintiff, forwarded the October 9, 2020, estimated from the Electrical Company which concluded various lights in the home was no longer functional due to the water damage of the washer machine. As such the' Defendant 1's' representative Jessica Williams, a Senior Claims Examiner, Risk Management Department received said forwarded email on October 13, 2020, (see attached **Exhibit N**). No response or communication has been received from the 'Defendant 1'or any of its representatives to date.

18. Plaintiff, receives communications via email from Defendant 2's representative Carry DeGraff, a Senior Claim Resolution Advisor, at Whirlpool Corporation between October 27, 2020, through January 5, 2021. The Defendant 2's representative requests a recap of events

of the malfunctioning washer, the representative further requests the Plaintiff forward all prior communication from 'Defendant 1's 'representative along with additional information and the mailing of the physical faulty washing machine part given by the 'Defendant 1 and 2's' washer machine technician repairman the' Defendant 2' wherein assures the Plaintiff that she was working to resolve her claim and without these items 'Defendant 2' couldn't help with the claim until these actions requested was taken. (herein see attached **Exhibit O**) The Plaintiff did as requested by 'Defendant 2' to the best of her ability in order to resolve and get the claim paid out including spending another $11.09 to send the defective part to the Defendant's designated address.(see receipt attached **Exhibit O**). The Plaintiff also conveyed to the Defendant of the stresses and frustration the Plaintiff and her family was under especially during the holiday season.  Plaintiff received no response received from Defendant 2 or any representative after January 5, 2021.

    19. Further, a few emails were exchanged between Plaintiff, Defendant 3's representative Donna Gumieny, a Senior Claims Specialist, at Liberty Mutual Insurance and Helsman Management Services between March 10, 2022, through April 5, 2022. The Defendant 3's representative requests a recap of events of the malfunctioning washer, the representative further requests the Plaintiff forward all prior communication from 'Defendant 1 and 2's 'representative(s) wherein again the assures the Plaintiff that she was working to resolve her claim and stated the reason for the contact is because Defendant 3 is suing Defendant 1 and 2 about the defective part lastly the representative disclosed that defective part was set for testing on April 20, 2022, and the Plaintiff should hear something soon after. (herein see attached **Exhibit P**) The Plaintiff again did as request by 'Defendant 3' to the best of her ability in order to resolve and get the claim paid out.(see receipt attached **Exhibit P**). The Plaintiff also conveyed to Defendant 3 representative of the hardship, stresses, and frustration this claim has placed on herself and family. Plaintiff also stated she had every intention of suing the companies

as it seemed that would her only recourse to getting her payment from this claim. No response has been received from Defendant 3 or any representative of Defendant 3 after April 5, 2022. (see the same **Exhibit P**)

20. On June 27, 2022, the Plaintiff was in correspondence with a third party "Mita" the Plaintiff was expressing her frustration in not having yet to see any relief of funds for all physical property, usage of loss through out this claim process. (see the same **Exhibit Q**)

## ADDITIONAL FACTS

In March and April of 2020, in order to prevent and mitigate the spread of the coronavirus disease "COVID -19," Governor Tom Wolf ("Governor Wolf") issued a series of mandates restricting the operations of certain types of businesses throughout the Commonwealth of Pennsylvania (the "Governor's orders"). On March 6, 2020, Governor Wolf issued an order declaring a Proclamation of Disaster Emergency. On March 19, 2020, Governor Wolf issued an order requiring all non-life sustaining businesses in Pennsylvania to cease operations and close physical locations. On March 23, 2020, Governor Wolf issued an order directing Pennsylvania citizens in particular counties to stay at home except as needed to access life sustaining services. Then, on April 1, 2020, Governor Wolf extended the March 23, 2020, order, and directed all of Pennsylvania's citizens to stay at home. As of April 1, 2020, at least 5,805 citizens of Pennsylvania contracted COVID-19 in sixty counties across the Commonwealth, and seventy-four (74) citizens died.

1).Unfortunately, since April 1, 2020, the number of positive cases and deaths from COVID-19 has increased dramatically.

2). As a result of the spread of COVID-19 and the Governor's orders, Plaintiff Suspended its business operations. Plaintiff thereafter submitted a claim for coverage under its Insurance contract with Defendant. Defendant's never honored Plaintiff's full claim.

## FIRST CAUSE OF ACTION

### (For Breach of Contract against Defendant 1)

### (By Plaintiff: Iesha Griffin Against: LOWES CORPORATE OFFICE)

12. Ms. Iesha Griffin repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

13. From on September 02nd, 2020 to this date Ms. Iesha Griffin has made various attempts to resolve the claim as a portion of her was inhabitable.

14. Ms. Iesha Griffin has demanded the reimbursement of all the costs spent till today by her for various reasons elaborated in the complaint.

payments towards the repairs of her residence, has communicated and asked for repair or replacement of defective part.

## SECOND CAUSE OF ACTION

### (For Negligence against Defendant 1, 2 and 3)

**(By Plaintiff:** Iesha Griffin **Against:** LOWES CORPORATE OFFICE **Against:** WHIRLPOOL CORPORATE OFFICE **Against:** LIBERTY MUTUAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES

15. Ms. Iesha Griffin, since July 30th 2020, has tried under all regular means, to request the technical service assistance that by right corresponds to her (herein attached under Exhibit

16. On December 8, 2020, the plaintiff had already sent the defective part to the offices of Whirlpool Corporation so that her claim could proceed in the best possible way and the aforementioned company could make the claims to the supplier. The plaintiff made it clear that the possibility of a refund at that time was an option that she would accept.

14. To this date, the defendant has not overseen providing the necessary technical assistance to prevent the increase in damages that the plaintiff has suffered in her home, causing damage to all the people who live in it.

### THIRD CAUSE OF ACTION

**(For Defective Part against Defendant 3)**

**(By Plaintiff:** Iesha Griffin **Against:** LOWES CORPORATE OFFICE **Against:** WHIRLPOOL CORPORATE OFFICE **Against:** LIBERTY MUTURAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES)

On August 18, 2020, Plaintiff loss usage of home, income, lively hood and was put into major risk and health issues due to the negligence of Defendant 1, 2 and 3 actions.

### FOURTH CAUSE OF ACTION

(Exemplary Damages against Defendant 1, 2 and 3)
**(By Plaintiff:** Iesha Griffin **Against:** LOWES CORPORATE OFFICE **Against:** WHIRLPOOL CORPORATE OFFICE **Against:** LIBERTY MUTURAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES)

On July 30, 2020 Plaintiff has suffered ongoing damages due to the Defendant's negligence.

### FIFITH CAUSE OF ACTION

(For Contract Theory Against Defendant 1,2, and 3)
**(By Plaintiff:** Iesha Griffin **Against:** LOWES CORPORATE OFFICE **Against:** WHIRLPOOL CORPORATE OFFICE **Against:** LIBERTY MUTURAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES)

On July 30, 2020, Plaintiff has suffered ongoing damages due to the Defendant's negligence.

### SIXTH CAUSE OF ACTION

(For Plus, loss of Usage Against Defendant 1, 2 and 3)
**(By Plaintiff:** Iesha Griffin **Against:** LOWES CORPORATE OFFICE **Against:** WHIRLPOOL CORPORATE OFFICE **Against:** LIBERTY MUTURAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES)

On August 18, 2020, Plaintiff loss of lively hood due to the negligence of Defendant 1, 2 and 3 actions.

### SEVENTH CAUSE OF ACTION

(For Compensatory Damages Against Defendant 1, 2, and 3)
**(By Plaintiff:** Iesha Griffin **Against:** LOWES CORPORATE OFFICE **Against:** WHIRLPOOL CORPORATE OFFICE **Against:** LIBERTY MUTURAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES)

On August 18, 2020, Plaintiff loss a main source of income due to the negligence of Defendant 1, 2 and 3 actions.

### EIGHTH CAUSE OF ACTION

(For Punitive Damages Against Defendant 1, 2, and 3)
**(By Plaintiff:** Iesha Griffin **Against:** LOWES CORPORATE OFFICE **Against:** WHIRLPOOL CORPORATE OFFICE **Against:** LIBERTY MUTURAL INSURANCE AND HELMSMAN MANAGEMENT SERVICES)

On August 18, 2020, Plaintiff loss a main source of income due to the negligence of Defendant 1, 2 and 3 actions.

## PRAYER FOR RELIEF

THEREFORE, plaintiff prays for judgment against defendants as follows:

1. On the First and the Second Causes of Action:

    a. An award of all damages available in law and according to proof at trial;

    b. for exemplary, compensatory, and punitive damages.

    c. for interest to the extent allowed by law;

    d. for reasonable attorneys' fees to the extent allowed by law

    e. for costs of suit incurred; and

    f. for such other and further relief as the Court deems just and proper.

WHEREFORE, the Plaintiff(s) respectfully request(s) that this Honorable Court award damages in the amount of $ 250,000.00 and costs, in addition to any such other relief as this Court deems proper.

Respectfully submitted,

Date: 7/28/22

Plaintiff(s), Pro Se

Address: 3121 Sacramento Ave Apt. 2

Pittsburgh, PA 15204

Email: schiasia8@gmail.com

Telephone: 412-377-3073

## VERIFICATION

I verify that the statements made in this Complaint are true and correct to the best of my knowledge, information, and belief. I understand that statements herein are made subject to The penalties of 18 Pa.C.S.§4904, relating to unsworn statements to authorities.

Date: 7/28/22                                    Signature _____

Date: _____                            Signature _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion/Petition was served upon the following via (select at least one):

- ☐ First Class Mail
- ☒ Certified Mail
- ☐ Facsimile
- ☐ Hand Delivered

Plaintiff/Respondent/ Plaintiff Counsel

LIBERTY MUTUAL INSURANCE HEADQUARTERS

175 BERKELEY STREET

BOSTON, MA 02116

Your Signature _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion/Petition was served upon the following via (select at least one):

☐ First Class Mail

☒ Certified Mail

☐ Facsimile

☐ Hand Delivered

Plaintiff/Respondent/ Plaintiff Counsel

LOWES HEADQUARTERS

1000 LOWES BOULVARD

MOORESVILLE, NC 28117

Your Signature _____

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion/Petition was served upon the following via (select at least one):

- ☐ First Class Mail
- ☒ Certified Mail
- ☐ Facsimile
- ☐ Hand Delivered

Plaintiff/Respondent/ Plaintiff Counsel

WHIRLPOOL WORLD HEADQUARTES

2000 N. M-63

BENTON HARBOR, MI 49022 -2692

Your Signature _____

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: _Iesha Griffin_

Signature: _[signature]_

Name: _Iesha Griffin_

Attorney No. (if applicable): _____