IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IESHA GRIFFIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOWES CORPORATE OFFICE,<br>WHIRLPOOL CORPORATE OFFICE,<br><br>　　　　Defendants. | 2:22-CV-01252-CCW |

## OPINION AND ORDER

This matter is before the Court upon pro se Plaintiff Iesha Griffin's failure to respond to the Court's Order to Show Cause why her claims against Defendant Lowes Corporate Office should not be dismissed for failure to prosecute. ECF No. 43. For the reasons set forth below, the Court will *sua sponte* **DISMISS** Ms. Griffin's claims against Lowes, without prejudice.

Ms. Griffin initiated this case on August 1, 2022, by filing a pro se complaint in the Court of Common Pleas of Allegheny County against Lowes, Whirlpool Corporate Office, Liberty Mutual Insurance, and Helmsman Management Services. ECF No. 1-2 at 4. In brief, Ms. Griffin alleges that she purchased a Whirlpool-brand washer from Lowes in 2017, which malfunctioned in July 2020 causing damage to Ms. Griffin's property. *Id.* ¶¶ 5–6. Defendants removed the case to this Court on August 31, 2022, invoking the Court's diversity jurisdiction. ECF No. 1; *see* 28 U.S.C. § 1332(a). Whirlpool answered Ms. Griffin's Complaint on September 7, 2022, ECF No. 8, and Ms. Griffin subsequently voluntarily dismissed Liberty Mutual and Helmsman, ECF Nos. 35, 36.

On September 30, 2022, Lowes filed a motion to dismiss Ms. Griffin's Complaint. ECF No. 15. Lowes' motion prompted Ms. Griffin to file her first motion to continue on October 3,

2022, in which she asked the Court for a sixty-day continuance so that she could "obtain legal counsel in this matter." ECF No. 17.  The Court granted Ms. Griffin's motion and ordered that she had until December 2, 2022 for counsel to file a notice of appearance on her behalf, otherwise the Court would consider Ms. Griffin to be continuing pro se. ECF No. 18.  The Court also ordered Ms. Griffin to respond to Lowes' motion to dismiss by December 23, 2022, whether or not she was represented by counsel.  *Id.*  Due to the continuance, the Court administratively closed the case through Ms. Griffin's response deadline.  ECF No. 19.

Despite the Court's grant of her requested continuance, Ms. Griffin filed a "Motion for Discovery" on October 19, 2022.  ECF No. 22.  The Court denied the purported motion on October 20, 2022, noting that it was premature in light of the continuance and because the Federal Rules of Civil Procedure generally do not authorize discovery until the parties have conferred per Rule 26(f), which had not yet occurred.  ECF No. 24.  The Court also noted that Ms. Griffin had failed to comply with the Court's Practices and Procedures, which provide that motions—including discovery motions—may not be filed until, among other things, the parties have met and conferred in good faith to resolve the dispute and, if necessary, a conference before the Court has taken place.  *Id.*

No attorney appeared on Ms. Griffin's behalf by December 2, 2022, and on December 24, 2022, Ms. Griffin filed her response to Lowes' motion to dismiss.  ECF No. 26.  In response to Lowes' arguments, Ms. Griffin stated only that "Defendant claims not enough facts for claim [sic] all facts have been recorded in initial claim and communication between all parties via email has been recorded."  ECF No. 25 at 2;  ECF No. 26 at 2.  Ms. Griffin asked the Court "to continue with this case as it is clear the [sic] defends are liable." ECF No. 25 at 2;  ECF No. 26 at 2.  After Lowes' reply deadline passed, the Court issued an order dated January 7, 2023, denying its motion

to dismiss without prejudice. ECF No. 27. The Court explained that Lowes' motion to dismiss was improper because Lowes' had failed to meet and confer with Ms. Griffin before filing the motion and because the motion incorporated by reference the preliminary objections to the Complaint that Lowes had filed in state court, which were based on inapplicable Pennsylvania procedural law. *Id.* The Court ordered Lowes to refile an appropriate motion by January 13, 2023, after meeting and conferring as required by the Court's Practices and Procedures. *Id.*

On January 11, 2023, Ms. Griffin filed a "Motion to Compel Arbitration or Meeting to Confer and Stay of All Proceedings," ECF No. 30, and a second motion for a ninety-day continuance "to allow for preparation of case and research of case laws." ECF No. 31. Noting that Ms. Griffin had again failed to comply with the Court's Practices and Procedures because her motions did not indicate whether she had attempted to meet and confer with the other defendants before filing them, the Court denied both motions without prejudice. ECF No. 32. In doing so, the Court ordered the parties to meet and confer by January 20, 2023, regarding the subjects raised in Ms. Griffin's motions. *Id.* The Court also amended the deadline for Lowes' updated motion to dismiss, setting it for January 27, 2023, so that the parties could cover all outstanding issues in a single meeting to confer. *Id.*

After the parties met and conferred, *see* ECF No. 37, Lowes filed its renewed motion to dismiss on January 26, 2023, ECF No. 38, arguing that Ms. Griffin failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). The Court ordered Ms. Griffin to file her response to Lowes' motion by February 16, 2023. ECF No. 39. Instead of responding to the motion, on February 16, 2023, Ms. Griffin filed a motion to continue the case for an additional 120 days so that she could "obtain funds required to acquire" a law firm that she stated was willing to represent her. ECF No. 40 at 1. The Court denied Ms. Griffin's motion, explaining that she had failed to

3

obtain counsel in the 136 days since the Court granted Ms. Griffin's initial request for a continuance, and that granting her an additional 120 days would result in a total delay of over eight months. ECF No. 41. The Court also noted that Ms. Griffin had again failed to state in her motion whether the parties had met and conferred regarding the requested continuance. *Id.* The Court ordered Ms. Griffin to file her response to Lowes' motion by March 2, 2023, explained that she could continue to seek representation but had to continue pro se until she secured counsel, and advised her that further failures to comply with the Court's orders and deadlines "may result in dismissal of the case." *Id.*

Ms. Griffin failed to respond to Lowes' motion to dismiss. On March 9, 2023, the Court issued its Order to Show Cause by March 24, 2023, why Ms. Griffin's claims against Lowes should not be dismissed for failure to prosecute. ECF No. 43. The Court noted that this was Ms. Griffin's "opportunity to explain [her] reasons for failing to prosecute the case or comply with [this Court's] orders," and that failure to file a response would result in dismissal of the claims against Lowes. *Id.* (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)). In the show cause order, the Court also provided Ms. Griffin another opportunity to respond to Lowes' motion, ordering that Ms. Griffin could respond to Lowes' motion in lieu of filing a response to the show-cause order. *Id.* Ms, Griffin never responded to the Court's show-cause order, nor did she file a response to Lowes' motion to dismiss.

Because Ms. Griffin has repeatedly failed to comply with the Court's orders and deadlines, the Court will now dismiss her claims against Lowes. The Court has the discretion to *sua sponte* dismiss a case for failure to prosecute under Federal Rule of Civil Procedure 41(b) and as an application of its inherent authority to control its docket. *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). In

exercising this authority, the Court must first consider the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984); *see Nieves v. Thorne*, 790 F. App'x 355, 357 (3d Cir. 2019). "[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Court finds that the *Poulis* factors support dismissal. Initially, as a pro se party Ms. Griffin is personally responsible for failing to comply with the Court's directives. *See Briscoe*, 538 F.3d at 258 ("[A] pro se plaintiff is responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders."). Next, although Lowes has suffered little, if any, prejudice, the Court may still dismiss for failure to prosecute. *See, e.g.*, *Rosado v. Adams*, No. 3:CV-07-1914, 2009 WL 1181217, at *2 (M.D. Pa. Apr. 30, 2009) (dismissing for failure to prosecute despite defendants not suffering prejudice). Further, Ms. Griffin has a history of dilatoriness because she has missed two deadlines—her deadlines to respond to Lowes' motion to dismiss and her deadline to respond to the Court's show-cause order—*and* repeatedly failed to comply with the Court's Practices and Procedures in the documents that she has filed. *See Rieder v. Gannon Univ.*, 481 F. App'x 707, 709 (3d Cir. 2012) (plaintiff "personally engaged in willful and dilatory conduct in that she would not respond to the [defendant's] motion to dismiss despite

5

being ordered to do so twice by the Magistrate Judge").[1] The Court also finds that Ms. Griffin's conduct is willful. Her filings, in particular her motions for a continuance, demonstrate an awareness of the Court's deadlines and orders, yet Ms. Griffin still failed to comply. *See id.*; *Briscoe*, 538 F.3d at 262 ("Generally, '[w]illfulness involves intentional or self-serving behavior.'" (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994))).

Turning to the meritoriousness of Ms. Griffin's claims the Court finds that this factor does not support dismissal. In analyzing this factor, a court asks, in essence, whether the plaintiff's claims could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Naylor v. Kemp*, No. 22 - 609, 2022 WL 4539246, at *3 (W.D. Pa. Aug. 31, 2022) (Lenihan, M.J.), *report and recommendation adopted*, No. 2:22-CV-00609-CCW, 2022 WL 4539129 (W.D. Pa. Sept. 28, 2022) (Wiegand, J.). Although Ms. Griffin's failure to respond to Lowes' pending motion to dismiss makes the analysis more difficult, the Court may not simply grant Lowes' motion as unopposed. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Brown v. DiGuglielmo*, 418 F. App'x 99, 102 (3d Cir. 2011). Turning to Ms. Griffin's Complaint and considering her pro se status, it may well be that she could state a claim for relief against Lowes. *See Naylor*, 2022 WL 4539246, at *4 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (courts grant some leeway when considering pro se complaints). Although some of her claims appear noncognizable—such as her standalone claims for "Compensatory Damages," "Punitive Damages," and "Loss of Usage"—her Complaint also includes a claim against Lowes for breach

---

[1] The Court emphasizes that it is not merely the two missed deadlines that establish a history of dilatoriness, it is Ms. Griffin's further failures to comply with the Court's Practices and Procedures, despite repeated reminders from the Court, in addition to those missed deadlines, that makes this factor applicable. *See Briscoe*, 538 F.3d at 261 ("[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'"). In any event, the Court has placed limited weight on this factor and would reach the same conclusion that dismissal is appropriate under the circumstances even if Ms. Griffin had complied with the Court's other orders.

of contract.  *See generally* ECF No. 1-2.  Although the precise details of Ms. Griffin's contract claim are unclear, it appears to be based on a three-year warranty on the washing machine she purchased from Lowes.  *See* ECF No. 1-8 at 23 (Exhibit A to Ms. Griffin's Complaint, referencing a "3YR EPP" or "Protection Plan).  Given that Ms. Griffin has alleged that she purchased the machine in September 2017 and that it allegedly malfunctioned in July 2020, her contract claim could have survived Lowes' motion to dismiss.  *See* ECF No. 1-2 ¶¶ 5–6.

Despite the potential merits of at least one of her claims against Lowes, the Court nonetheless concludes that dismissal is appropriate under the circumstances.  While the Court is mindful that dismissal is a significant sanction, *see Emerson*, 296 F.3d at 190, Ms. Griffin has had multiple opportunities to proceed with her case against Lowes but has chosen not to do so.  Her conduct has progressed from filing noncompliant documents to failing to file documents at all.  Ms. Griffin's inability to obtain counsel in the 260 days since she filed her Complaint is no excuse.  She initiated this action pro se and had every opportunity to proceed against Lowes pro se.  Having failed to do so, dismissal is warranted.

Nonetheless, considering the potential merits of Ms. Griffin's claim and her pro se status, the Court will dismiss Ms. Griffin's claims against Lowes without prejudice.  The Court finds that alternative sanctions, such as monetary sanctions, would be ineffective in light given Ms. Griffin's failure to respond even after multiple extensions, and the fact that she is pro se and has limited financial means.  *See Briscoe*, 538 F.3d at 262–63 ("[W]here a plaintiff is proceeding pro se . . . we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'" (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)));  *see* ECF No. 40 (representing that Ms. Griffin needed time to "obtain funds" for a law firm).  The Court further notes that dismissal of

7

the claims against Lowes does not foreclose all relief in this case because Ms. Griffin's claims against Whirlpool—which has answered the Complaint—remain outstanding. *Cf. Riley v. Sec'y Pa. Dep't of Corr.*, 536 F. App'x 222, 226 (3d Cir. 2013) (district court should have considered partial dismissal as an alternative sanction).

Accordingly, it is **HEREBY ORDERED** that Ms. Griffin's claims against Lowes Corporate Office are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

DATED this 18th day of April, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail)

Iesha Griffin
3121 Sacramento Ave., Ste. 2,
Pittsburgh, PA 15204